Henry J. Holley, Esq. Orange County Industrial Development Agency
You have asked whether Orange County by charter amendment may transfer from the county legislative body to the county executive the power to appoint members of the Orange County Industrial Development Agency established by chapter 390 of the Laws of 1972 (General Municipal Law, § 912 [second entry]). You have supplied us with a copy of the charter amendment, which has been passed and takes effect on January 1, 1982.
An industrial development agency ("IDA") is "a corporate governmental agency, constituting a public benefit corporation" (id., § 856 [2]). An IDA is established by a special act of the Legislature for the benefit of a municipality (ibid., subd [1] [a]). Thus, an IDA is a creature of the State and has only the powers granted to it by the general law authorizing IDAs (id., Art 18-A), and, for any particular IDA, the special act establishing it (see our informal opinion of April 29, 1980, copy enclosed). The special act establishing the Orange County IDA states: "Its members shall be appointed by the governing body of the county of Orange" (id., § 912 [second entry]). Moreover, the general law authorizing IDAs states:
 "Except as otherwise provided by special act of the legislature, an agency shall consist of not less than three nor more than seven members who shall be appointed by the governing body of each municipality and who shall serve at the pleasure of the appointing authority." (Id., § 856[2].)
In light of "Except as otherwise provided by special act", it is clear that the Legislature anticipated that some municipalities might wish appointments of members to be made by someone other than the "governing body", which is the "board or body in which the general legislative powers of the municipality are vested" (id., § 854 [5]).* Orange County can request amendment of the special act to provide that its county executive appoints the members.
You mention that the case of Heimbach v Mills, 67 A.D.2d 731 (2nd Dept, 1979), is relied upon to justify the county's charter power to "amend" Article 18-A. We recognize that a county in fashioning its form of government may supersede general laws (Municipal Home Rule Law, §33). Here, however, the issue concerns a State-created instrumentality. The Orange County IDA is not a part of the county government; the IDA's powers are derived directly from the State, not from or through the county. The county's relationship to the Orange County IDA is determined not by home rule but by the Legislature. This power status is specifically recognized by section 34 of the General Municipal Law, which limits a county's home-rule charter power by prohibiting a provision superseding any general or special law "[i]nsofar as it relates to a public benefit corporation" (subd [3] [f]). A change in the power of appointment of members of an IDA would supersede both a general and a special law.
We note that the charter amendment also increases the membership of the Orange County IDA from five to seven as authorized by section 856
of the General Municipal Law as amended in 1978 by chapter 143. We think that a resolution adding two members to the agency followed by filing a certificate of appointment with the Secretary of State is all that is required. (See our informal opinion No. 81-43, copy enclosed.)
We note also that the charter amendment specifies that two of the seven members are to be appointed from the county at large and the other five from "areas" consisting of combinations of districts from which county legislators are chosen. For the reasons given earlier, we doubt that a county's charter power permits it to restrict the power granted by the Legislature to the "governing body" to make appointments. (Compare sections 891-a and 917, the only special acts that specify who are to be members.) The county legislative body by resolution can make appointments under such a policy and presumably could declare the policy in the resolution, a policy that would remain in effect until changed by resolution. To go beyond that by using a charter or local law might be considered an assertion of home-rule power over a subject that the Legislature has withheld.
We conclude that neither a charter county nor any other municipality has the power to alter or restrict the statutory designation of the municipality's "governing body" as the body that appoints members of an industrial development agency. A municipality may seek special legislation to provide a different method of appointing members.
* We note that there are over 150 IDAs created by special act. Only ten of the special acts provide for appointing members other than by the governing body.